[Crim. No. 292.   Third Appellate District.—June 8, 1915.]

In the Matter of FRANK CANNON, GEORGE CANNON, ELLEN CANNON, ROSIE CANNON, VERA CANNON, and BERNICE CANNON, Neglected Persons.

JUVENILE COURT LAW—PROVISIONS OF.—Section 29 of the Juvenile Court Law of 1913 (Stats. 1913, p. 1285), provides that no neglected person shall be taken from the custody of his parent without the consent of .such parent, unless the court shall find such parent to be incapable of providing, or to have failed or neglected to provide proper maintenance, training, and education for said person; and in no case unless the parent be found to be incapable of providing, or to have failed or neglected to provide proper maintenance, training, and education for said person.

ID.—ORDER ADJUDGING CHILDREN TO BE NEGLECTED PERSONS—APPEAL—ABSENCE OF EVIDENCE FROM RECORD—PRESUMPTION.—On an appeal from an order denying a petition of the' father of minors to set aside a judgment of the juvenile court, made without his consent, adjudging the children to be neglected persons, where the proceedings leading to the judgment are not in the record on appeal, it will be presumed that there was evidence of neglect on the part of the father such as made his consent to the judgment unnecessary and immaterial.

ID.—POWER TO REOPEN CASE.—In such a case where the order was made subject to the further order of the court, the court had, on the petition of the father, the power to reopen the question of his children's

care and custody and inquire into his present fitness for such care and custody.

ID.—PREPONDERANCE OF EVIDENCE—RULE.—The juvenile court statute introduced a rule under which the reviewing court may determine the issues upon the preponderance of the evidence; but notwithstanding this rule the reviewing court must accord to the trial judge the superior advantage of looking into the faces of witnesses and observing their demeanor, thus giving him a better opportunity to pass upon their credibility when testifying, which is denied on the hearing of the appeal.

ID.—DETERMINATION OF PREPONDERANCE OF EVIDENCE.—The question of preponderance of evidence upon a given fact is not necessarily determined by the number of witnesses testifying to or disputing such fact.

ID.—PLEADING—WHEN ANSWER TO PETITION UNNECESSARY.—No answer to such a petition was necessary where the petitioner by his petition presented the entire matter of his right to have the custody of the children based upon his fitness in every way for having such custody, it being within the power of the court, and its duty as well, to inquire into all matters having any bearing upon the claims presented by the petitioner.

ID.—EVIDENCE—LASCIVIOUS CONDUCT OF PETITIONER WITH DAUGHTERS. In such a proceeding the contention that the testimony of the wife and one of the daughters of the petitioner that he had been guilty of lascivious conduct with two of his daughters when they were very young, should be rejected; 1. Because it related to a period several years before; and, 2. Because it was inherently improbable, and rebutted by evidence of witnesses as to his good character, showing that, if their story was true he had reformed, cannot be maintained.

ID.—SUFFICIENCY OF EVIDENCE.—In this proceeding it is held that the evidence was sufficient to sustain the order of the trial court determining that the petitioner was unfit to have the custody of his minor daughters.

APPEAL from a judgment of the Superior Court of San Joaquin County.   C. W. Norton, Judge.

The facts are stated in the opinion of the court.

R. W. Dodge, and H. C. Stanley, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

CHIPMAN, P. J.—Petitioner, H. T. Cannon, father of the above-named persons, all of whom are minors, seeks to set aside a judgment of the juvenile court of San Joaquin

County, duly made and entered October 1, 1913, adjudging them to be neglected persons.

The court denied the petition in so far as the custody and care of the female children are concerned but granted the petition as to the two boys, Frank and George, on condition that said Cannon first "convince the court of his wish and intention in good faith to provide for the support of the said sons by paying to Albert Eckstrom, the registrar of Associated Charities of the county of San Joaquin, state of California, the sum of eight dollars per month for a period of three months, payable on the first of each month beginning with the first day of October, 1914, for the maintenance and support of his son George, at the Children's Home, in Stockton, California, where he now is." Petitioner appeals from this judgment.

Appellant challenges substantially all the findings of fact and conclusions of law and claims that, inasmuch as he as the parent never consented to having the custody of his children taken from him, the court, under section 29 of the Juvenile Court Law of 1913 (Stats. 1913, p. 1285), was without jurisdiction to make the order of October 1, 1913. The section provides as follows: "No neglected . . . person shall be taken from the custody of his parent . . . , without the consent of such parent . . . , unless the court shall find such parent . . . to be incapable of providing, or to have failed or neglected to provide proper maintenance, training and education for said person; and in no case unless the parent . . . (be found?) to be incapable of providing, or to have failed or neglected to provide proper maintenance, training and education for said person."

Appellant claims that the rule required to be met, under section 224 of the Civil Code, for the adoption of a minor, applies here as that rule is laid down *In the Matter of Cozza*, 163 Cal. 514, 522, [Ann. Cas. 1914A 214, 126 Pac. 164], where it was held that "consent lies at the foundation of adoption" and that "unless said consent is given, or for the exceptional causes expressly enumerated, the court has no jurisdiction in the matter." The proceedings leading to the order of October 1, 1913, are not in the record. The order is there found and states that the children above mentioned "be and each of them is hereby declared to be neglected persons and that they be placed on probation and committed to

the care, custody, and control of Mrs. A. Waldemeier, and that she be allowed to take said neglected persons and place them in the Children's Home at Stockton until further order of the court.''

Admitting that the order of October 1, 1913, was without the consent of the children's father, we must presume that there was evidence of neglect on his part such as made his consent unnecessary and immaterial. The order was made subject to the further order of the court and the court had, on petition of their father, the power to reopen the question of his children's care and custody and inquire into his present fitness for such care and custody.

It appeared that, prior to October 1, 1913, an action was pending brought by petitioner's wife for a divorce from her husband on the ground of cruelty and failure to provide for her support and that the defendant in the action filed a cross-complaint on the ground of his wife's adultery. Subsequently to the order of October 1, 1913, a decree of divorce was given defendant on the ground alleged by him in his cross-complaint. No disposition was made of the children except as to the boy, Bennie, not here involved, whose care and custody were given to his father, the decree stating that the other children were still in the care and custody of Mrs. Waldemeier. This decree was entered in July, 1914, and the present proceeding was instituted in August, 1914.

The court found as facts: That, in February, 1913, Cannon, petitioner, left his family in Stockton "in destitute circumstances and himself left the county of San Joaquin and went to southern California and did not for a long time thereafter let his family know of his whereabouts and did not thereafter, and has not since up to the hearing of said petition provided for his family the common necessaries of life''; that he returned on the —— day of October, 1913, and opposed the application of the probation officer to have his said children declared neglected persons; that, on the eleventh day of October, 1913, an order was made permitting him to visit his said children provided he would pay, as directed, the sum of six dollars per week for the support of such children, and said order has never been revoked; that said Cannon has never complied with said order except that he paid six dollars, one week's provision for said children; that, since the —— day of February, 1913, to the present time (September 21, 1914,)

he has not expended for the support of his said children any money save forty-eight dollars paid out at sundry times; that he is able-bodied, 52 years old and claims to be master of the trades of carpentering, painting, blacksmithing, paperhanging, brick-laying, and farming, and during all said time has been able to support his family; that, while living with his family in Idaho, he was guilty of lascivious conduct with his daughter, Cora, then of the age of ten or eleven years, now Mrs. Cora Calloway, which said conduct continued for a period of two years and until discovered by his wife; that subsequently another daughter, Rosie, then of the age of five years, was discovered by her mother and eldest daughter to be injured in her private parts much the same as had been the daughter Cora and such injury was the result of her father's conduct.

The court found as conclusions of law: That said Cannon had, during the period, February, 1913, to the —— day of October, 1913, abandoned his said family; that, from February, 1913, to the present time, he failed and neglected to provide for his family the common necessaries of life; that he is not a man of good moral character and is of a depraved nature and a moral degenerate; that "he is incompetent to have the care, custody, and control of young girls of tender years, and that his said daughters—Ellen, of the age of 12 years, Rosie, of the age of 8 years, Vera, of the age of 6 years, and Bernice, of the age of 4 years, would be unsafe in their persons if under the possession and control of said Cannon"; that he is competent to have the care, custody, and control of his son Frank, of the age of 14 years, and his son George, of the age of 10 years, and that he is capable of providing for their maintenance and support in a proper manner. Then follows the conclusion already referred to as part of the order, that if Cannon will show his good faith by paying to the registrar of Associated Charities the sum of eight dollars per month toward the support of his son George, the court would modify its order of October 1, 1913, and transfer the custody of the two sons to their father, said Cannon.

The juvenile court statute introduced a rule under which the reviewing court may determine the issues upon the preponderance of the evidence, and appellant claims that there is a clear preponderance of the evidence in support of the petition. He also claims that as there was no written opposi-

tion or answer to the petition its averments must be taken as established. Upon this latter point no answer to the petition was necessary for by it Cannon presented the entire matter of his right to have the custody of the children based upon his fitness in every way for having such custody. It was within the power of the court, and its duty as well, to inquire into all matters having any bearing upon the claims presented by petitioner. Mrs. Cannon was served with process and appeared as a witness and by counsel, though making no written opposition, and the district attorney appeared *amicus curiae* on behalf of the people. The investigation took a wide range and petitioner was given full opportunity to establish his case. The question of preponderance of evidence upon a given fact is not necessarily determined by the number of witnesses testifying to or disputing such fact. Notwithstanding the rule above referred to, the reviewing court must accord to the trial judge the superior advantage of looking into the faces of the witnesses and observing their demeanor, thus giving him the better opportunity to pass upon their credibility when testifying which is denied on the hearing of the appeal. Appellant contends that the testimony of Mrs. Calloway and Mrs. Cannon as to his lascivious conduct with two of his daughters should be rejected: 1. Because it related to a period several years ago; and, 2. Because it is inherently improbable and is rebutted by the evidence of witnesses as to his good character, showing that, if their story was true, he had reformed. Our experience in reviewing criminal cases has shown the regrettable fact that it is by no means an unusual occurrence for fathers to be guilty of unnatural relations with their daughters. We find nothing inherently improbable in the testimony of these witnesses to appellant's conduct and we cannot feel assured, from any evidence given in the case, no more than could the learned trial judge, that these young girls would be safe from a recurrence of their father's passions. Appellant claims that he left his family and went to Southern California because of the unfaithfulness of his wife and her shameless relations with one Rhonemus, the co-respondent in the divorce case. There is no dispute of her adulterous intercourse with this man but the resultant neglect of her children by her should have quickened their father's sense of duty toward them. Instead of looking to their welfare, the evidence is that he practically abandoned them with-

out making any provision for their support. The trial court did not, nor can we, find justification in what he claims was the result of a distracted state of mind caused, as he testified, by his wife's conduct. He was, it is true, not wholly unmindful of his duty, for he sent forty-eight dollars to his family in the course of many months. Finding them in a destitute condition, partly no doubt due to the conduct of their mother, the state, under the provisions of the Juvenile Court Law, undertook the duty neglected by both parents. A skilful mechanic, capable of earning from two dollars and fifty cents to four dollars per day, Cannon failed to submit satisfactory evidence of a disposition to use his faculties for the support of his children. They were taken from his care and custody and this burden was put upon the state for the reason that they were neglected children within the meaning of the statute. Their condition, so far as petitioner has done anything to mitigate it, appears to be unchanged, and the judgment of the court denying the petition may rest on its finding of this fact alone. By inviting disclosures which will probably make it more difficult for him in the future to be permitted to assume the personal care, custody, and control of all of these wards of the state, petitioner can blame no one but himself.

The judgment is affirmed.

Hart, J., and Burnett, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 8, 1915, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 5, 1915.