[Crim. No. 1025.   Second Appellate District, Division Two.—November 5, 1923.]

## In the Matter of HAROLD DeVORE, a Person Under the Age of Twenty-one Years.

[1] JUVENILE COURT ACT—CUSTODY OF MINOR—REMOVAL FROM NATURAL GUARDIANS — EVIDENCE — FINDINGS.—In a proceeding under the Juvenile Court Act, a finding that the welfare of the minor demands that he be removed from the custody of his natural guardians is sufficient to justify an order committing him to a

1. Denial of custody of child to parent for its well-being, note, 41 L. R. A. (N. S.) 564.

state reform school; and it is not necessary that there be evidence to show "that the parents have failed, neglected or refused to care for or provide the care and training contemplated by good law and good morals," or that the parents were responsible for the minor's wrongdoing.

[2] ID.—WELFARE OF CHILD—DETENTION IN STATE INSTITUTION.—EVIDENCE.—In this proceeding under the Juvenile Court Act, from the showing that the minor in question first stole a car, that he then aided in the spoliation of that car and another, that after his arrest and admission to bail on the above-mentioned matters and upon the eve of his hearing concerning them he stole another car, that he persisted in a false story as to the first offense stated against him, and that, notwithstanding the statement of the judge to the effect that the purpose of sending him temporarily to Juvenile Hall was to give him a chance to let the matter be a lesson to him, and his own statement that he would profit by the lesson and "behave," he effected an escape from the institution, the judge properly concluded that the minor's welfare required a restraint and an isolation from the world such as could be secured only by his detention in an institution provided under the law for such cases.

[3] ID.—DISPUTED EVIDENCE — PREPONDERANCE—FINDINGS—APPEAL.—On appeal from an order committing a minor to a state reform school, based upon a finding that the minor's welfare required that he be taken from the custody of his parents, the appellate court is not bound by the findings of the juvenile court upon disputed evidence but may consider where the evidence preponderates.

APPEAL from an order of the Superior Court of Los Angeles County committing a minor to a state reform school. Edwin F. Hahn, Judge. Affirmed.

The facts are stated in the opinion of the court.

Charles W. Ostrom for Appellants.

U. S. Webb, Attorney-General, and John W. Maltman, Deputy Attorney-General, for Respondents.

WORKS, J.—Harold DeVore, a minor of the age of fourteen years, was by the juvenile court committed to the Whittier State School until he reaches the age of twenty-one. The parents of the minor appeal from the order of commitment.

The minor met a boy of his acquaintance, the latter being in possession of an automobile which he had stolen. The

two together then stole a second car and drove the vehicles to a spot where they proceeded to "strip" both of some of their accessories. They placed in one of the automobiles the property thus removed from both and were about to drive away with it when they were apprehended by the police and placed under arrest. Young DeVore was released on bail and his hearing before the juvenile court was set for a certain date. On the evening before that day he stole another automobile. The hearing was had upon the day set and the minor was adjudged a ward of the juvenile court and was ordered to Juvenile Hall for a period of two weeks, then to be returned to the court for further hearing. At the time of the making of this order the judge of the juvenile court was not aware of the theft of the automobile which DeVore stole after he was admitted to bail upon the original charge, as the circumstance had not then come to light. While at Juvenile Hall, under the order for his detention there, DeVore effected his escape from the institution, but he was immediately reapprehended upon information as to his whereabouts given by his father. When he testified upon the hearing at which he was declared a ward of the court, the minor denied the theft of the car which he had stolen in company with the other boy and told an improbable story as to his presence at the place of arrest when he was apprehended for the theft. He had told this story to his parents immediately after the arrest and he persisted in it throughout the hearing. He later admitted that the story was false and confessed that he had participated in the theft of the car. According to the reporter's transcript the following occurred toward the close of the hearing at which the minor was declared a ward of the juvenile court: "The Court: . . . I am going to have you go down to Juvenile Hall and remain there for a couple of weeks. It is going to depend on your conduct there as to what will be the future disposition of your case. You have a chance now here to let this be a lesson to you. If you were a little bit older, probably you would go to the penitentiary for this. They are going there every day. I am just wondering whether or not you sense the seriousness of it. If you do, there is hope this may be a lesson to you. If you don't, why this will be a mere incident in your career, and the next time it may be something serious. The Boy: It will be a lesson.

The Court: How is it going to be? A. Just behave myself, that's all. The Court: You just keep that up with that idea, and buckle down and everything will go along all right. This is all we are here for, we want to get you fellows to see the right way, and as soon as we get a fellow to see the right way, we will get along fine.''

It was after all these matters had transpired, and at a hearing held at the end of the two weeks for which the minor was ordered to Juvenile Hall, that he was committed to the Whittier State School. The order of commitment was made upon a finding that ''the welfare of the said Harold DeVore requires that he be taken from the custody of his parents.'' Section 9b of the juvenile court law (Stats. 1915, p. 1225; Deering's Gen. Laws, 1915, Act ·1770a) reads as follows: ''No ward of the juvenile court as defined in this act shall be taken from the custody of his parent or legal guardian, without the consent of such parent or guardian unless the court shall find such parent or guardian to be incapable of providing or to have failed or neglected to provide proper maintenance, training and education for said person; or unless said person has been tried on probation in said custody and has failed to reform, or unless said person has been convicted of crime by a jury, or unless the court shall find that the welfare of said person requires that his custody be taken from said parent or guardian.''

[1] Appellants contend that the evidence is insufficient to support the finding upon which the order of commitment was made in that there was no evidence to show ''that the parents have failed, neglected or refused to care for or provide the care and training contemplated by good law and good morals,'' or that the parents were responsible for the minor's wrongdoing. We are further told that there is no evidence in the record ''to sustain the findings that the welfare of the said Ward requires that he be taken from the custody of his parents but on the contrary, the court said, 'You have had good training. You did not come from a home without good training.' '' Other points of a similar nature are made, but these will suffice to indicate the position taken by appellants. The arguments advanced in support of that position are demolished by a reading of the section of the statute above set forth. In it the circumstances under which a minor may be taken from the custody

of his parents without their consent are stated in the disjunctive. It is enough that DeVore was committed upon a finding that his welfare demanded that he be removed from the custody of his natural guardians. Evidence was not necessary as to circumstances covered by the other branches of section 9b.

[2] In addition to the specific questions above mentioned, appellants make the general point that the evidence is insufficient to support the finding that the minor's welfare required that he be taken from the custody of his parents. The finding seems to us to be amply justified by the showing that young DeVore first stole a car, that he then aided in the spoliation of that car and another; that after his arrest and admission to bail on a charge involving the above-mentioned matters and upon the eve of his hearing concerning them he stole another car; that he persisted in a false story as to the first offense stated against him, and that, notwithstanding the fair statement of the judge of the purpose in sending him temporarily to Juvenile Hall and his own statement that he would profit by the lesson and "behave," he effected an escape from the institution. The judge properly concluded from these untoward happenings that the minor's welfare required a restraint and an isolation from the world such as could be secured only by his detention in an institution provided under the law for such cases. The correctness of this conclusion is further indicated by a matter shown in the record and to which we have not yet adverted. At his last hearing, in response to remarks by the court concerning the theft of the automobile on the night before his first hearing and while he was out on bail, the boy said, "I just got in with the same crowd again." [3] Because under the juvenile court law we may consider where the evidence preponderates in matters of this character and are not bound by the findings of the juvenile court upon disputed evidence (*Matter of Cannon*, 27 Cal. App. 549 [150 Pac. 794]), we have carefully read the entire record on this appeal. We see no reason for disturbing the order from which the appeal is taken.

Some exception is taken to the form of the petition pursuant to which the order of commitment was made, but we can perceive no defects in it.

Order affirmed.

Finlayson, P. J., and Craig, J., concurred.