[Crim. No. 72.   Fourth Appellate District.—November 30, 1932.]

In the Matter of LOUIS PIERCE, a Person Coming Under the Juvenile Court Law.   THE PEOPLE, Respondent, v. VERA P. HELKO, Appellant.

Roland Thompson for Appellant.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, Sam L. Collins, District Attorney, and Preston Turner, Deputy District Attorney, for Respondent.

JENNINGS, J.—This is an appeal from an order of the Superior Court of Orange County, sitting as a juvenile court, declaring Louis Pierce to be a ward of said court and ordering that he be committed to the Preston School of Industry at Ione, until further order of the court. It appears that no phonographic reporter was present at the hearing, hence no transcript of the proceedings could be prepared. Counsel for appellant has not seen fit to have prepared a bill of exceptions. The appeal therefore is presented on the judgment-roll alone. From the record thus presented it is made to appear first, that a petition was duly filed alleging that Louis Pierce was sixteen years of age and a person such as is defined in subdivision 13 of section 1 of the Juvenile Court Law in that on a certain date he had committed a lewd and lascivious act upon the body of a child, said act constituting a violation of section 288 of the Penal Code; second, that an order was made by the court fixing a date for the hearing and directing that a citation issue directed to certain designated persons; third, that on the date appointed a hearing was had and the court made the order from which the appeal herein has been taken.

Appellant urges several reasons which he maintains warrant a reversal of the order. It is first contended that an unreasonable time elapsed between the date of the alleged commission of the offense and the filing of the petition seeking to have the minor declared a ward of the court. The offense is alleged to have been committed on April 24, 1932, and the petition was filed on June 2, 1932. The mere recitation of the above-mentioned dates is sufficient to dispose of the contention. We know of no rule of law and can

conceive of no legal theory that would justify us in holding that the delay in filing the petition was unreasonable.

Appellant's second contention may likewise be readily determined. It is pointed out that section 3 of the Juvenile Court Law requires that, prior to the filing of a petition showing that a person has come within the provisions of section 1 of the act, "the probation officer of said county shall make such investigation as he may deem necessary, and no petition shall be filed without the approval of such probation officer except by order of the juvenile court". It is then said that the record herein fails to show that the probation officer made any investigation prior to the filing of the petition. As above noted, the appeal herein is taken on the judgment-roll alone. Under such circumstances, we must assume that the proceedings taken in the lower court were regular in all respects (*Caruthers* v. *Hensley*, 90 Cal. 559 [27 Pac. 411]; *In the Matter of Cannon*, 27 Cal. App. 549 [150 Pac. 794]).

Appellant's third and fourth contentions may be treated together. These contentions are that custody of the minor was improperly removed from the mother of said minor and that the findings of fact recited in the order are insufficient to invest the court with jurisdiction to make the order by which the minor was adjudged to be a ward of the court. Section 9b of the Juvenile Court Law provides as follows: "Taking Ward from Parent. No ward of the juvenile court as defined in this act shall be taken from the custody of his parent or legal guardian, without the consent of such parent or guardian unless the court shall find such parent or guardian to be incapable of providing or to have failed or neglected to provide proper maintenance, training and education for said person; or unless said person has been tried on probation in said custody and has failed to reform, or unless said person has been convicted of crime by a jury, or unless the court shall find that the welfare of said person requires that his custody be taken from said parent or guardian." In the order from which this appeal is taken the court found, first, that notice of the filing and hearing of the petition had been given in all respects as required by law; second, that the minor resides in Orange County and is 16 years of age; third, that

the minor is a person coming within the provisions of subdivision 13 of section 1 of the Juvenile Court Law. There is no finding that the parent of the minor is incapable of providing or has failed or neglected to provide proper maintenance, training and education for said minor or that a minor has been tried on probation in the custody of the parent and has failed to reform or that the minor has been convicted of crime by a jury or that the welfare of the minor requires that his custody be taken from the parent. ▮▮ It has been decided that the court must make the findings required by section 9b of the act and in writing (*In re Brodie,* 33 Cal. App. 751 [166 Pac. 605, 607]; *In re Gutierrez,* 47 Cal. App. 128 [190 Pac. 200]); and that the failure to include in the order some one of the findings specifically required by section 9b of the act deprives the court of jurisdiction to take the minor from the custody of the parents (*In re Edwards,* 208 Cal. 725, 731 [284 Pac. 916]). Respondent relies on the decision in the case of *In re Daedler,* 194 Cal. 320 [288 Pac. 467, 468]. In this case it appears that a minor had been charged with the crime of murder in a criminal complaint and when he was brought before a magistrate it was made to appear that he was of the age of approximately fourteen years, whereupon the magistrate suspended the criminal proceedings and ordered that he be taken before the juvenile court. Thereupon the minor was taken before the juvenile court upon the charge that he was within the provisions of subdivision 13 of section 1 of the Juvenile Court Law. After a hearing it was found that the minor was of the age of fourteen years; that a felony had been committed by him; that he should be a ward of the court within the meaning of section 1, subdivision 13, of the Juvenile Court Law; "that the welfare of said minor required that he be taken from the custody of his said parents". An order was then made declaring the minor to be a ward of the juvenile court and by further order he was committed to the Preston School of Industry until he should attain the age of twenty-one years. On application for a writ of *habeas corpus* it was one of the contentions of petitioners, parents of said minor, that no finding was made by the judge of the juvenile court that the parents of the minor were incapable of providing for or had

failed or neglected to provide proper maintenance, training and education for the said minor and that a finding to this effect is required by the provisions of section 9b of the Juvenile Court Law. The Supreme Court pointed out that such a finding is by express terms rendered unnecessary if the court shall find "that the welfare of such person requires that his custody be taken from said parent or guardian" and that the judge of the juvenile court had made an express finding that the welfare of the minor required that his custody be taken from his parents. In discussing the claim that this finding was not supported by the evidence the Supreme Court used the following language: "It is expressly found by said magistrate that there was testimony before him that the minor had committed the crime of willful murder, which in itself would not only be sufficient under the terms of subdivision 13 of section 1 of said act to require that said minor be made a ward of said court, but would suffice to furnish some evidence that said minor had passed beyond parental control". The statement contained in the above-quoted language to the effect that the finding of the magistrate that the minor had committed the crime of murder would of itself suffice to require that the minor be made a ward of the court is obviously *dictum* since there was an express finding that the welfare of the minor required that his custody be taken from his parents. Furthermore, the statement was made in discussing the question of evidentiary support of the very finding which the Supreme Court had held was a sufficient compliance with section 9b of the act under consideration. The *dictum* thus enunciated does not overcome the plain provisions of section 9b of the Juvenile Court Law and as declared in the case of *In re Brodie, supra,* "it is essential that the court make such findings as are required by section 9b and in writing".

While the offense here charged, if found to have been committed by this minor, might well justify his removal from the custody of a parent by a juvenile court, if it appears from all of the circumstances that his welfare requires such action, the statute requires what must be found by the judge of the juvenile court before this may be done. If the facts justify the required finding, the making thereof is a

simple matter, and in no way opens the door to those technicalities and formalities in juvenile court proceedings, which the entire spirit and purpose of that act demand should be kept therefrom.

For the single reason herein noted the order from which this appeal is taken is reversed and the matter is remanded to the juvenile court for such action as may be appropriate in conformity with the views herein expressed.

Barnard, P. J., and Marks, J., concurred.