[Civ. No. 25443. First Dist., Div. One. Mar. 12, 1969.]

In re STEVEN F., a Person Coming Under the Juvenile Court Law.

ROBERT E. NINO, as Chief Probation Officer, etc., Plaintiff and Respondent, v. STEVEN F., Defendant and Appellant.

Caputo, Liccardo, Burriesci & Hogan and Frank C. Burriesci for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Albert W. Harris, Jr., Assistant Attorney General, John T. Murphy, Gloria F. DeHart and Robert R. Granucci, Deputy Attorneys General, for Plaintiff and Respondent.

ELKINGTON, J.—Steven F., a minor, appeals from an order of the juvenile court adjudging him to be a ward of that court and from an "order of probation" thereafter

entered. (See Welf. & Inst. Code, § 800, relating to right of appeal.)

The principal contentions are that the court erred in (1) applying the "preponderance of evidence" test prescribed by Welfare and Institutions Code section 701 rather than that of "proof beyond a reasonable doubt" and (2) considering, before the jurisdictional hearing, a probation officer's report containing material both inadmissible and prejudicial on the issue of jurisdiction.

Both of these questions are set at rest by appellate court decisions filed since the perfection of the instant appeal.

*In re Dennis M.*, 70 Cal.2d 444 [75 Cal.Rptr. 1, 450 P.2d 296], squarely holds that the "preponderance of evidence" test is properly applied in proceedings under section 701. The "reasonable doubt" concept, which appellant insists is required under the standards announced by *In re Gault*, 387 U.S. 1 [18 L.Ed.2d 527, 87 S.Ct. 1428], was rejected. We consider *In re Dennis M., supra,* conclusive on the instant issue. (See also *In re J.F.*, 268 Cal.App.2d 761, 771, 772 [74 Cal.Rptr. 464].)

We now discuss the second of Steven's contentions. The juvenile court proceedings were based on a petition alleging that appellant had committed an assault with a deadly weapon, a violation of Penal Code section 245. The offense was denied by Steven. At the conclusion of the contested jurisdictional hearing, immediately after the court had found appellant to have committed the charged offense and, consequently, within its jurisdiction, it stated, "Now, in order to assist the court in making a disposition of the case, the probation officer has prepared for the court a special report called a social study. This study has been submitted to the court and is now admitted into evidence. The court has read and reviewed it thoroughly." The probation report contains much hearsay prejudicial matter, including an unfavorable social study, all unrelated to the charged offense, and concludes with recommendations "That the allegations of the Petition . . . be found to be true as alleged," and "That the said minor be found to come within the provisions and description of Section 602 of the Juvenile Court Law."

*In re Corey*, 266 Cal.App.2d 295, 299 [72 Cal.Rptr. 115], holds: "Where the commission of a crime is alleged as the jurisdictional fact and the allegation is disputed, the court's error in receiving the social study before the jurisdictional hearing goes so directly to the fairness of the hearing

that the resulting adjudication is not saved by article VI, section 13, of the California Constitution." We are persuaded that the conclusion reached in *Corey* is correct, and adopt it as applicable to this case. Accordingly the orders appealed from must be reversed.

We find no merit in the Attorney General's argument that *Corey* should be given prospective application only. The Attorney General states that *Corey* constitutes a "new rule" which "may or may not affect the fairness of the proceeding." We cannot agree. The plain statutory language providing for a bifurcated hearing was added to the Welfare and Institutions Code in 1961. In *Corey* this law was applied, not changed.

In view of the conclusion we have reached, resolution of appellant's remaining contention, that the court erred in refusing to hear argument, becomes unnecessary to a disposition of this appeal.

The orders are reversed.

Molinari, P. J., and Sims, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied May 8, 1969.