[Crim. Nos. 18668, 18669. Second Dist., Div. One. Mar. 31, 1971.]

In re DAVID BIGGS et al., Persons Coming Under the Juvenile Court Law. COUNTY OF LOS ANGELES DEPARTMENT OF PUBLIC SOCIAL SERVICES, Plaintiff and Respondent, v. EVELYN ROBINSON, Defendant and Appellant.

(Consolidated Appeals.)

**COUNSEL**

Edward J. Owen, Thomas P. Burke, Morton M. Sider and Myles Phillip Burton for Defendant and Appellant.

John D. Maharg, County Counsel, and Douglas C. Miller, Deputy County Counsel, for Plaintiff and Respondent.

**OPINION**

**THOMPSON, J.**—These are appeals from orders of the juvenile court in two companion cases adjudicating minor dependent children and ordering that their custody be placed under the supervision of the Department of Social Services. We affirm the orders of the juvenile court.

We are confronted with a threshold question in our consideration of the case at bench. ■ Relying upon *Matter of Cannon*, 27 Cal.App. 549 [150 P. 794], and dictum in *In re De Vore*, 64 Cal.App. 347 [221 P. 706], appellant contends that an appeal under the Juvenile Court Law is in effect a limited trial *de novo* upon the record in which the Court of Appeal is entitled to make its own findings of fact irrespective of findings of the juvenile court which are supported by substantial evidence. The contention is unfounded. *Cannon* was decided under the Juvenile Court Law of 1913 which did provide that standard of review. (Stats. 1913, ch. 673, p. 1304.) Beginning in 1915, however, the Juvenile Court Law was amended to adopt the substantial evidence test of appellate review. (*In re Bacon*, 240 Cal.App.2d 34, 46 [49 Cal.Rptr. 322], hg. den.; *In re Corey*, 230 Cal.App.2d 813, 823 [41 Cal.Rptr. 379].)

*Facts*

We thus view the record in the light most favorable to the orders of the juvenile court. So viewed, the record establishes the following. Appellant is the mother of four children. She has placed two of them (Danny Biggs and Debbie Bagwell) in foster homes. In August or September 1969, appellant moved into an apartment in a four-unit building at 5617 Fernwood. The household consisted of appellant, her son David Biggs, age seven, her daughter Serenia Robinson, age four, and George Paris, appellant's "boyfriend" who was not the father of either David or Serenia. During the ensuing five months, the landlord and a neighbor noticed that David's face was swollen and bruised much of the time and that his arms were bruised. On one occasion, Paris took David from his bed and kicked him in

the side of the face. On at least two occasions, Paris hit David on the side of the head with his fist. A neighbor heard David and Serenia screaming in the apartment several times and David crying, "Stop." Appellant "argued" with Paris not to hit David. The crying and screaming usually occurred between "suppertime" and "bedtime" and on Saturday mornings. It did not occur at other times when appellant was customarily away from the apartment. David habitually sought to evade his mother and to avoid being inside the dwelling.

Appellant called the police on about four occasions after the screaming and crying occurred. She, however, made no complaint against Paris, claiming that he had merely threatened her. On the occasion that Paris kicked David in the face, a neighbor, Dianne Palmer, suggested that appellant call the police. Appellant, who had brought David to Mrs. Palmer's apartment, later asked Mrs. Palmer to "forget" the incident. In August 1969, Paris was incarcerated in jail as the result of hitting a neighbor's child with a piece of firewood. He remained there about three weeks. During the absence of Paris from the apartment, David's bruised and battered appearance improved. Paris returned to the apartment after his three weeks incarceration and shortly thereafter appellant and her children moved elsewhere. Appellant persistently refused to disclose her new address to a social worker assigned to her case.

The Department of Public Social Services filed petitions in the juvenile court alleging that David and Serenia were both minors with no parent or guardian exercising proper and effective parental care and control, and that the home of each minor was unfit by reason of neglect by appellant. The charging allegation in both counts of each petition was the brutality of appellant's "male companion" in the home. The juvenile court sustained the petition under Welfare and Institutions Code section 600, subdivisions (a) and (b). It ordered that custody of both David and Serenia be taken from appellant and committed the two minors to the care, custody and control of the Department of Public Social Services for suitable placement. Both David and Serenia were placed in foster homes. The juvenile court ordered that "Minor's mother [appellant] shall have reasonable right of visitation with minor provided, however, that the hours, time and place of visitation, and whether or not visits are to be monitored, are to be subject to the control of the DPSS." Appellant's appeal from the adjudication and disposition brings the case at bench to this court.

Appellant contends: (1) the evidence is insufficient to sustain the adjudications of dependency entered in the matters of David and Serenia; (2) the juvenile court erred in taking custody of the minors from appellant; (3) the juvenile court erroneously limited appellant's rights of visitation;

(4) it erred prejudicially in considering the social worker's investigation and social study report before adjudicating the issue of dependency; and (5) appellant was denied the opportunity to present documentary evidence. We conclude that the contentions are without merit.

*Sufficiency of Evidence*

Welfare and Institutions Code section 600 provides that the juvenile court may adjudge a minor to be a dependent child of the court when the minor "is in need of proper and effective parental care or control and . . . has no parent or guardian willing to exercise or capable of exercising such care or control" or when the minor's "home is an unfit place for him by reason of neglect, cruelty, or depravity of either of his parents or of his guardian or other person in whose custody or care he is."

There is no question that David and Serenia, by reason of their ages alone, were in need of effective and proper parental care and control. Substantial evidence supports the trial court's conclusion that David has no parent willing to exercise or capable of exercising "such care and control." The record discloses that David's natural father resides in New Mexico and apparently has no interest in his custody. The trial court could properly infer that appellant was both incapable and unwilling of exercising the requisite care and control. There is substantial evidence that David was in an almost constant bruised and battered condition during the time he resided with his mother and Paris in the apartment at 5617 Fernwood. There is substantial evidence of specific instances of cruelty of Paris directed against David from which the court could infer that Paris was responsible for David's condition. Substantial evidence also sustains the inference that appellant, the mother of David, did not protect him from Paris. To the contrary, when faced with the choice of protecting her sadistic paramour or her son, she opted the former choice. Appellant's conduct in failure to protect her son from the consistent cruelty of another adequately supports the juvenile court's determination that David is a dependent child. (*In re Halamuda,* 85 Cal.App.2d 219, 225 [192 P.2d 781]; *In re Corrigan,* 134 Cal.App.2d 751, 755 [286 P.2d 32].)

The juvenile court's determination that Serenia is a dependent child is also supported by substantial evidence. The whereabouts of Serenia's father are unknown. She was present while Paris regularly physically abused David. It is difficult to conceive that Serenia could not be emotionally scarred by witnessing the constant acts of cruelty upon her brother. Appellant's neglect in protecting David physically is thus neglect in not protecting Serenia emotionally.

Appellant's brief in essence argues the effect of evidence which was

rejected by the trial court in making its determination. The credibility of witnesses and the drawing of appropriate inferences from the evidence was, however, a matter for the trial court.

### Disposition Order

■ Appellant contends that the juvenile court erred in ordering that custody of David and Serenia be placed with the Department of Public Social Services. She argues that protection of the children could have been accomplished by an order by which she retained custody. We conclude that the juvenile court did not abuse its discretion in making the questioned order. Appellant, up to the time of the disposition hearing, refused to give her address. The juvenile court could properly infer that her refusal was part of her continuing plan to protect Paris and prevent discovery of a continued relationship with him.

Appellant contends, alternatively, that the court properly could have corrected the situation by removing only David from her home since Paris had not inflicted physical harm upon Serenia. That contention also is without merit. Until appellant established that she had terminated her relationship with Paris, there remained the strong possibility that he would transfer his sadism to any other juvenile available. He had already done so in the case of the Palmer child. So long as that possibility exists, the juvenile court's obligation to the minor requires that Serenia be removed as a possible victim.

### Limitation on Right of Visitation

Appellant contends that the juvenile court erred in restricting her right of visitation of David and Serenia. That court ordered that appellant be afforded "reasonable right of visitation, provided, however, that the hours, time and place of visitation, and whether or not visits are to be monitored, are to be subject to the control of the DPSS." Appellant argues that by placing limitations upon her right of visitation, the juvenile court abused its discretion. There is an adequate factual basis in the record for the order made by the juvenile court. The social study report reveals at least one instance in which another child of appellant in a foster home was disturbed emotionally by appellant's visit. Moreover the court could not blind itself to the need to protect David and Serenia from conditions of visitation which might expose them to the cruelty of Paris.

### Social Study Report

■ Appellant contends that the juvenile court prejudicially erred in "reviewing" the social worker's investigation and social study report before

determining the issue of dependency. We find no such error in the proceedings. Welfare and Institutions Code section 701 provides: "At the hearing, the court shall first consider only the question whether the minor is a person described by Sections 600, 601, or 602, and for this purpose, any matter or information relevant and material to the circumstances or acts which are alleged to bring him within the jurisdiction of the juvenile court is admissible and may be received in evidence; however, . . . a preponderance of evidence, legally admissible in the trial of civil cases must be adduced to support a finding that the minor is a person described by Section[s] 600. . . ."

The social study report was both relevant and competent to a determination of the dependency status of David and Serenia. Welfare and Institutions Code section 582 provides that the juvenile court "is authorized to receive and consider the reports and recommendations of the probation officer in determining" matters "involving the custody, status, or welfare" of minors. In proceedings pursuant to section 600, the functions of the probation department with respect to the report may be performed by a social worker of the welfare department. (Welf. & Inst. Code, § 576.5.) The juvenile court, in considering the social study report, was following the dictates of section 582. (*In re Halamuda,* 85 Cal.App.2d 219, 223 [192 P.2d 781]; *In re Patterson,* 58 Cal.2d 848, 853 [27 Cal.Rptr. 10, 377 P.2d 74].)

*In re Gladys R.,* 1 Cal.3d 855 [83 Cal.Rptr. 671, 464 P.2d 127]; *In re Corey,* 266 Cal.App.2d 295 [72 Cal.Rptr. 115]; and *In re Steven F.,* 270 Cal.App.2d 603 [75 Cal.Rptr. 887], upon which appellant relies, are distinguishable from the case at bench. While each of those cases holds that the juvenile court erred in receiving the social study report during the jurisdictional hearing, each case also involves an adjudication of delinquency pursuant to Welfare and Institutions Code section 602 where the commission of a crime is the fact necessary to jurisdiction of the court. The social study report insofar as it contains matter relating to the commission of the crime alleged may well violate a constitutional right of confrontation. To the extent that the report deals with material that is concerned with the general circumstances of the minor and his environment, it is irrelevant to the jurisdictional fact being litigated, i.e., the alleged crime. The report may also be prejudicial in the context of a 602 proceeding since "negative indications about . . . home environment" might influence the decision on the validity of the allegation of commission of a crime. (See *In re Gladys R., supra,* 1 Cal.3d 855, 862-863.) No similar defect in the use of the social study report exists in the case of a hearing pursuant to Welfare and Institutions Code section 600. The proceeding is civil in nature and presents

no problem of confrontation. In such a proceeding, the jurisdictional fact is the lack of parental control and the unfitness of the minor's home. The social study report is directly relevant to the issue to be determined by the juvenile court at the adjudication hearing. Our review of the social study reports received in the case at bench lead inescapably to the conclusion that the reports were relevant here.

### Documentary Evidence

Appellant contends that she was denied the right to present documentary evidence at the hearing in the juvenile court. The contention finds not the slightest support in the record. There is no showing whatsoever that the documents were offered in evidence. Appellant's counsel on appeal, who also represented her in the juvenile proceeding, makes the intriguing argument that any deficiency in the record is due to his incompetence. While personal attacks upon witnesses and the social worker made by appellant's counsel at trial and his equally vituperative references to the juvenile court referee on appeal generate heat at the expense of light, the record by no means establishes incompetence of counsel.

### Disposition

The orders of the juvenile court are affirmed.

Wood, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied April 30, 1971.