[Civ. No. 9959. Fourth Dist., Div. One. Aug. 28, 1970.]

In re WILLIAM S., JR., a Person Coming Under the Juvenile Court Law.
KENNETH F. FAIR, as Chief Probation Officer, etc.,
Plaintiff and Respondent, v.
WILLIAM S., JR., Defendant and Appellant.

COUNSEL

John G. Emerson, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Jane C. Liebman, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**COUGHLIN, J.**—A petition was filed in the Superior Court of San Diego County, sitting as a juvenile court, alleging the minor, William S., Jr., age 16, was a person within the provisions of section 601 of the Welfare and Institutions Code, on the ground he was in danger of leading an idle, dissolute, lewd or immoral life in that for an undetermined period of time he had been using narcotics and dangerous drugs; on March 12, 1969 was apprehended in a home where marijuana was found; and had numerous needle marks on his arm from injecting narcotics or dangerous drugs. At the hearing on the petition the minor admitted all the allegations thereof except that alleging he had been apprehended in a home where marijuana was found. A hearing was held before a referee who found all the allegations were true; ordered the minor declared a ward under the provisions of section 601; and directed he be committed to Rancho del Campo in the County of San Diego, a placement facility for wards of the juvenile court.

At the conclusion of the hearing the referee stated: "I would comment that it is clear to me that William has been very intensively and extensively involved in dangerous drugs and narcotics activity. The only question is which program is the proper program for him; whether he should be in a camp-type program or whether he should be in a Youth Authority-type

setup or some other facility such as being processed as an addict to dangerous drugs or narcotics." William replied: "As I said before, if you do want to send me to a camp, you better do it with a place with walls and high fences around it, and I'm not saying that as a threat, but I don't believe for what I'm in here for that I rate being locked up as a criminal as such. I did when I came in here admit to breaking the law, but that depends to—on what you want to look at as a criminal."

In explanation of the minor's statement, his attorney told the court: "Your Honor, this young man has a philosophical idea as to the use of marijuana and other dangerous drugs. He feels they should be more permissive as they are in England and he doesn't feel that therefore our laws are just—there should be punishment for the use of such dangerous drugs." In response the referee stated: "William, there are certain laws in the book that I don't agree with, either, but just because I don't agree with them doesn't give me a ticket to break them." Thereupon the referee and the minor engaged in a discussion respecting the possibility the minor might have been charged with possession of marijuana, a felony, premised on evidence showing the officers found marijuana in the room occupied by him at his home. At the conclusion of this discussion, the referee announced his order committing the minor to Rancho del Campo; stated this order was subject to modification if the psychiatric examination to be performed by the probation department "contraindicates this disposition"; and made this observation: "Now I think that William's statement that he has to be sent some place with high fences is a statement that was made in a moment of emotion rather than something that he has had a chance to rationally think through. . . . I am ordering you to go there. If you continue to take that position then I would expect the probation officer before you're sent to camp to charge you with violation of the Court order —that in effect you will not go to camp then you can be brought back to Court and we'll make the commitment to the Youth Authority where there are fences. If that's what it takes, that's what you'll get, and it's going to be your decision."[1]

Five days after the ranch commitment order was made, and before the minor had been sent to the ranch, a supplemental petition was filed in which it was alleged: "The previous orders of this court have not been effective in the rehabilitation of the above named person, in that:

"Competent medical authority has stated that said minor will not adjust

---

[1] The signed and filed written order did not expressly order the minor to do anything; did not indicate it was subject to modification, depending upon the results of a psychiatric examination; but was limited to committing the minor to Rancho del Campo.

to the ordered program of rehabilitation; and further, said minor has announced his intention to run away from the ordered placement." On the next day, following a hearing, the referee found the allegations of the supplemental petition filed "under Section 601-777 of the Juvenile Court Law" were true and ordered the minor committed to the California Youth Authority.

Each of the foregoing orders by the referee were approved by the judge of the juvenile court. In due course the minor filed a pro se notice of appeal which we interpret to be a notice of appeal from each of the orders.

Pertinent to the issues raised on appeal are the following provisions of the Juvenile Court Law contained in the Welfare and Institutions Code:

*Section 601:* "Any person under the age of 21 years . . . who from any cause is in danger of leading an idle, dissolute, lewd, or immoral life, is within the jurisdiction of the juvenile court which may adjudge such person to be a ward of the court."

*Section 602:* "Any person under the age of 21 years who violates any law of this State . . . defining crime or who, after having been found by the juvenile court to be a person described by Section 601, fails to obey any lawful order of the juvenile court, is within the jurisdiction of the juvenile court, which may adjudge such person to be a ward of the court."

*Section 707:* "At any time during a hearing upon a petition alleging that a minor is, by reason of violation of any criminal statute or ordinance, a person described in Section 602" and it is found the minor was 16 years of age or over at the time of the alleged commission of such offense and would not be amenable to the care, treatment and training program available through the juvenile court, "the court shall direct the district attorney . . . to prosecute the person under the applicable criminal statute or ordinance and thereafter dismiss the petition. . . ."

*Section 730:* "When a minor is adjudged a ward of the court on the ground that he is a person described by Section 601, the court : . . may commit the minor to a county juvenile home, ranch, camp, or forestry camp. . . . Such ward may be committed to the Youth Authority only upon a proceeding for the modification of an order of the court conducted pursuant to the provisions of Section 777."

*Section 731:* "When a minor is adjudged a ward of the court on the ground that he is a person described by Section 602, the court may order any of the types of treatment referred to" in other sections "and as an additional alternative, may commit the minor to the Youth Authority."

*Section 777:* "An order . . . changing or modifying a previous order by directing commitment to the Youth Authority shall be made only after noticed hearing upon a supplemental petition. (a) The supplemental petition shall . . . contain a concise statement of facts sufficient to support the conclusion that the previous disposition has not been effective in the rehabilitation of the minor."

The Juvenile Court Law, as now constituted, accords with the recommendations of the Governor's Study Commission on Juvenile Justice; for wardship purposes places in different categories (1) dependent minors, (2) pre-delinquent minors, i.e., those whose behavior clearly implies a tendency toward delinquency, and (3) delinquent minors, i.e., those who violate criminal laws or lawful orders of the juvenile court; and provide separate permissible court dispositions for each of these three categories. (See report of Governor's Study Commission on Juvenile Justice, p. 18.)

Several of the issues on this appeal arise out of a failure of the parties to appreciate or accept the distinction between wardship under a petition pursuant to section 601 and wardship under a petition pursuant to section 602.

On two occasions the minor moved, pursuant to section 707, he be declared unfit for consideration by the juvenile court and be treated as an adult. ■ Section 707 is applicable only to wardship proceedings instituted pursuant to section 602 upon the ground the minor has committed a criminal offense. ■ In the case at bench the proceedings were instituted pursuant to section 601 and the minor was not charged with commission of a criminal offense. The court properly denied the motions under section 707, and the minor's contention to the contrary is without merit.

The evidence, including the minor's admissions through his attorney at the hearing and also through his testimony, adequately supports the finding the allegations in the original petition were true. Defendant's contention to the contrary, as well as his objection to the finding he was apprehended in a home where marijuana was found, each, is without merit. The objection to the latter finding is premised on the misconception the minor was charged with the criminal offense of visiting a place where a narcotic is being unlawfully used with knowledge that such activity is occurring, i.e., a violation of Health and Safety Code section 11556. The evidence established the minor was in the home where officers found marijuana. Proof of this fact alone was proof of the type of persons with whom he was associating.

The minor's contention the provisions of section 601 are unconstitutionally vague disregards the ruling of this court to the contrary. (*In re Daniel R.*, 274 Cal.App.2d 749, 752 [79 Cal.Rptr. 247].) We adhere to our former ruling in the premises.

The order declaring the minor a ward and committing him to Rancho del Campo should be affirmed. On the other hand, for reasons hereinafter stated, the order purporting to change the commitment to the Youth Authority should be reversed.

Following the minor's commitment to Rancho del Campo he was detained in the psychopathic ward of the San Diego County-University Hospital; was examined by a psychiatrist; and never was sent to Rancho del Campo. The psychiatrist reported: ". . . this boy is a Sociopathic Personality Disorder, Antisocial, presently acting out with drugs. Prognosis quite guarded. He will undoubtedly act out to avoid incarceration and if Juvenile Hall can't handle it, possibly the Jail could." The supplemental petition under section 777 and the order changing placement from the ranch to the Youth Authority were premised upon the ground competent medical authority had stated the minor would not adjust to the "ordered program of rehabilitation" and he had announced his intention to run away from the "ordered placement." By virtue of the fact the minor was declared a ward pursuant to section 601, the court was not authorized to commit him to the Youth Authority until it had made an order for his treatment or commitment pursuant to section 730 and thereafter, pursuant to a petition filed under section 777, it found facts sufficient to support the conclusion "the previous disposition had not been effective in the rehabilitation of the minor." **(3)** The term "previous disposition" does not refer merely to making the order prescribing a treatment or commitment under section 730, but rather to the treatment or commitment. In the case at bench the "previous disposition" was a commitment to Rancho del Campo. This commitment never was executed. Under these circumstances, the finding of the court the commitment was not effective in the rehabilitation of the minor was without evidentiary support. A condition precedent to the determination whether the commitment was effective in the rehabilitation of the minor was a placement of the minor at the ranch, i.e., execution of the commitment. Before the commitment to the ranch the minor told the court, in substance, he would run away. At this juncture, even in light of the minor's statement, the court was not authorized to commit him to the Youth Authority.[2] Likewise, if the court had ordered a psychiatric examination and had received the psychiatrist's report before making its initial commitment, it would not have had authority to commit him to the Youth Authority. It is

---

[2]Under section 730 the minor could have been committed to juvenile hall.

the clear intent of the statute to require the activation of a program of treatment or placement other than in the Youth Authority and a showing it was ineffective to rehabilitate the minor as conditions precedent to an order changing the previous order by directing commitment to the Youth Authority.

Nothing in the foregoing should be construed as indicating this court is of the opinion a showing of any facts sufficient to support the conclusion the "previous disposition" of the court under a section 601 petition has not been effective in the rehabilitation of the minor would authorize a Youth Authority commitment. The "previous disposition" might not be effective in the rehabilitation of the minor for causes in no way attributable to the minor. Placement at a ranch might not be effective in the rehabilitation of the minor because the facilities at the ranch are destroyed by fire. It would be unreasonable to conclude these circumstances authorized commitment to the Youth Authority. ■ The fact the commitment to the Youth Authority in the first instance is authorized only upon a petition instituted pursuant to section 602, which declares minors committing crimes or failing to obey any lawful order of the juvenile court are within the jurisdiction of the juvenile court, supports the conclusion an order changing a placement made pursuant to a section 601 petition by directing commitment to the Youth Authority should be predicated on misconduct of the minor constituting a criminal offense or failure to obey an order of the juvenile court. In light of the foregoing, it would be good practice for the juvenile court in committing a ward to a "county juvenile home, ranch, camp or forestry camp" pursuant to section 730, to order the minor to comply with the order of commitment and obey the rules and regulations of the placement facility.

The order declaring the minor a ward, pursuant to section 601 of the Welfare and Institutions Code, and committing him to Rancho del Campo, is affirmed. The order changing the commitment from Rancho del Campo to the Youth Authority is reversed. The proceedings are remanded to the superior court, sitting as a juvenile court, for such further consideration as may be proper under the law and the facts in the premises.

Brown (Gerald), P. J., and Whelan, J., concurred.