[Civ. No. 10345. Fourth Dist., Div. One. Nov. 19, 1970.]

In re RITA P., a Person Coming Under the Juvenile Court Law.
MARGARET GRIER, as Chief Probation Officer, etc.,
Plaintiff and Respondent, v.
RITA P., Defendant and Appellant.

**1058**

---

## COUNSEL

Robert R. Lux, under appointment by the Court of Appeal, for Defendant and Appellant.

Cecil Hicks, District Attorney, Michael R. Capizzi and Oretta D. Sears, Deputy District Attorneys, for Plaintiff and Respondent.

## OPINION

**WHELAN, J.**—Rita M. P., born March 13, 1956, was declared a dependent child of the juvenile court sitting in Orange County on November 7, 1966, and continued in that status as the result of annual reviews and orders made in November of each year until 1969.

An annual review hearing was had on November 21, 1969, when the minutes show the minor was continued as a dependent child, although no formal order appears in the record as there had been in former years.

The report prepared by the probation officer for the annual review contained the following: "The minor is currently residing in Albert Sitton Home awaiting placement in a foster home. During the past year the minor's adjustment continued to be about the same. She remained with her foster parents, the Kulbacks, with whom she had been for a couple of years until they moved to Oregon in September. In October the minor was placed in a foster home in Costa Mesa where she was beginning to make a good adjustment. Due to other circumstances in the home, however, the minor was returned to Albert Sitton Home. There is a possibility that she will go back to Costa Mesa, however."

On December 8, 1969, a petition was filed to have Rita declared a ward of the court under Welfare and Institutions Code section 601 upon the following allegations: "On November 7th, 1966, custody of said minor was vested with the Probation Officer for suitable placement; the minor has failed to adjust in such placement, in that on or about December 5th, 1969, she refused to remain in any foster home."

At a hearing on January 22, 1970, over Rita's objection, the court appointed the public defender to represent her.

After an off-the-record conference, counsel for Rita informed the court that if the petition were amended to allege "a foster home" in place of "any foster home," Rita would admit the allegation of the petition as amended.

The amendment was made by the court who then read the petition as amended to Rita and asked, "Is that true?" to which the child responded affirmatively.

The court then found the allegations of the petition to be true, made its order to that effect in the following language: "THE COURT FINDS the allegations of the petition true beyond a reasonable doubt in that the minor has failed in placement and refused to remain in a foster home." and declared the minor to be a ward of the court under Welfare and Institutions Code section 601.

At a dispositional hearing on January 28, it was ordered that custody remain in the probation officer for suitable placement.

## CONTENTIONS ON APPEAL

It is contended Rita was denied effective counsel in the court below because counsel there admitted, and permitted Rita to admit, the truth of the allegations of the amended petition, without demanding that Rita first be advised of her right to remain silent and to be confronted with the witnesses against her, and without demanding that Rita explicitly waive those rights.

It is also contended the evidence was insufficient to support a finding that Rita came within the definitions of Welfare and Institutions Code section 601 and that counsel in the court below should have persuaded the court to that effect.

■ We agree that the evidence was insufficient to support the finding Rita was a person coming within the definitions of section 601. ■ We recognize that: "[a] reviewing court must indulge in all reasonable inferences to support the findings of the juvenile court, and such findings will not be disturbed on appeal when there is substantial evidence to support them. (*In re Corrigan,* 134 Cal.App.2d 751, 754-755 . . . ; *In re Stein,* 86 Cal.App. 226 . . . .)" (*In re Schubert,* 153 Cal.App.2d 138, 143 [313 P.2d 968].)

Welfare and Institutions Code section 601 is as follows: "Any person under the age of 21 years who persistently or habitually refuses to obey the reasonable and proper orders or directions of his parents, guardian, custodian or school authorities, or who is beyond the control of such person, or any person who is a habitual truant from school within the meaning of any law of this State, or who from any cause is in danger of leading an idle, dissolute, lewd, or immoral life, is within the jurisdiction of the juvenile court which may adjudge such person to be a ward of the court."

■ The Legislature has not declared failure to adjust in suitable placement by a dependent child to be ground for making the child a ward under section 601.

Refusal to remain in the placement selected would be relevant and material evidence in a jurisdictional hearing under section 601, but a refusal in a single instance to do so, as alleged and found, does not constitute a persistent or habitual refusal to obey the reasonable and proper orders or directions of the custodian.

In that respect section 601 is unlike section 602, which permits a jurisdictional finding based upon a single failure to obey a lawful order of the juvenile court.

The supplemental report of the probation officer, dated December 26, 1969, stated: "On December 5, 1969, the probation officer took the minor to a foster home for placement. The minor knew at the time where she was going and what the procedure should be, as she has been in foster homes for approximately three years. Upon arriving at the foster home, the minor assumed a very belligerent attitude, stated that she would not live in a foster home, she did not have to stay there if she did not like it, and the end result was that she was transported back to Juvenile Hall where a petition was filed alleging 601 Failure to Adjust. This same thing had been repeated several times on prior occasions when attempts were made to place the minor in a foster home."

The minutes of the court of January 22, 1970, show the court had not read the probation officer's report prior to making his order of January 22, 1970, and it is conceded the report was only to be considered at the dispositional hearing, when the court did read it.[1]

We do not pass upon questions whether the 13-year-old minor could personally waive a constitutional right, or whether she must do so before she can admit she refused to stay in a foster home. Apart from the un-answered question whether there was error in those respects, the trial judge's treatment of the minor was in the best tradition of the ideal of the juvenile court judge.[2]

*In re William S.*, 10 Cal.App.3d 944 [89 Cal.Rptr. 685], indicates the steps in a progression by which a minor might move from an institution for placement under Welfare and Institutions Code sections 601 and 730 to placement with the Youth Authority under Welfare and Institutions Code section 731.

The present case indicates the process by which a dependent child might progress from foster home to institution under sections 601 and 730.

The orders appealed from are reversed.

Brown (Gerald), P. J., and Ault, J., concurred.

---

[1]There had been a hearing in December 1969 when the referee read the report. The order made thereafter was vacated and a new hearing ordered.

[2]The juvenile court judge gave sympathetic consideration to the minor's desire to be placed with relatives, rather than in a privately operated boarding school selected by the probation officer. Whether she was placed with relatives by the probation officer as permitted by the court does not appear.