[Civ. No. 35003. First Dist., Div. One. Mar. 6, 1975.]

In re DENISE C., a Person Coming Under the Juvenile Court Law.
LOREN A. BECKLEY, as Chief Probation Officer, etc.,
Plaintiff and Respondent, v.
DENISE C., Defendant and Appellant.

## Counsel

Michael F. Wohlstadter and Eugene Seltzer for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, and Derald E. Granberg, Deputy Attorney General, for Plaintiff and Respondent.

## Opinion

**THE COURT.**—This is an appeal from an order committing a minor to the California Youth Authority after she was found to be a person described by section 602 of the Welfare and Institutions Code.[1] The minor claims the lower court was without jurisdiction to find she was a person described by that section.

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise noted.

On August 20, 1973, the juvenile court approved findings of a referee to the effect that the minor continued to be a person described by section 601 and her welfare required her removal from parental custody. After adopting these findings the court made the following orders:

"That the minor is continued a Ward of the Court;

"That the Court Order of July 26, 1973, ordering the minor committed to the care, custody and control of the Probation Officer for placement in a suitable private institution, is vacated and set aside;

"*That the previous Court Order of February 27, 1973, placing the minor's care, custody and control under the Probation Officer for attendance at the Girls Day Program, is continued in full force and effect;*

"That physical custody is removed from the parents;

"*That the minor is committed to the care, custody and control of the Probation Officer for placement in the home of Mrs. Mary Bruton, 2520 Donegal, South San Francisco, California,* to be detained in Juvenile Hall pending placement;

"That the County Treasurer is authorized to pay $275.00 a month for the minor's care and maintenance, effective date of placement;

"That the minor's care and maintenance expense is a parental responsibility; . . ." (Italics added.)

The minor and her mother had been given notice of the referee's hearing, the court's findings and order of the referee, and the court's order of removal.

On November 27, 1973, a supplemental petition was filed under sections 602 and 777 and amended on December 24, 1973. It alleged that the minor was presently under the jurisdiction of the court pursuant to section 601, and that "the previous orders of this court have not been effective in the rehabilitation/protection" of the minor. The petition specifically alleged that the minor, on October 5, 1973, willfully and unlawfully violated the juvenile court order of August 20, 1973, ordering her "to foster group home placement and the Girls Day Care Program in that she ran away from the Mary Bruton Group Home, . . . and remained away until . . . November 23, 1973."

After a hearing on December 19, 1973, the trial court found that the allegations of the amended supplemental petition were sustained, and that the minor was a person described by section 602. The court referred the matter to the Resource Review Board to see if there was any closed resource available other than the California Youth Authority. On December 27, 1973, the minor was ordered committed to the California Youth Authority.

The thrust of appellant's contentions is that her conduct in running away from her placement did not violate a court order, as the order was neither directed at her nor directed her not to run away. It is also alleged that by claiming a court order was violated, the probation department is attempting to elevate conduct which fits within section 601 only, i.e., running away from home, into the kind of criminal conduct which fits within section 602.

Section 601 reads in relevant part: "Any person under the age of 18 years . . . who from any cause is in danger of leading an idle, dissolute, lewd, or immoral life, is within the jurisdiction of the juvenile court which may adjudge such person to be a ward of the court."

Section 602 reads in relevant part: "Any person under the age of 18 years who violates any law of this state . . . defining crime or who, after having been found by the juvenile court to be a person described by section 601, fails to obey any lawful order of the juvenile court, is within the jurisdiction of the juvenile court, which may adjudge such person to be a ward of the court."

■ The record clearly establishes that the trial court based its order sustaining the amended supplemental petition on the ground that the minor had violated a court order. We feel the court erred in so doing.

It is evidently not the practice in cases of this nature to order the minor to comply with the order committing her to a particular placement. Nor is it the practice to direct her to obey the rules and regulations of that placement or the probation department. (See *In re William S.* (1970) 10 Cal.App.3d 944, 951 [89 Cal.Rptr. 685].) The order of August 20, 1973, did not direct the minor to obey such rules. We agree with the dicta in *In re William S.* that it would be "a good practice" for courts to so word such orders. In the absence of such orders, the minor is not put on notice regarding the conduct required of her.

By analogy to *People* v. *Smith* (1970) 12 Cal.App.3d 621 [90 Cal.Rptr. 811], it is clear that, in the absence of such an order, the lower court could not find that the minor had violated a court order. In *Smith* the defendant had promised to obey "all laws and all lawful directives of the Probation Officer." After a probation report showed that he had failed to make child support payments and had lost contact with his probation officer, his probation was revoked. In reversing, the *Smith* court said:

"We fail to find in the special report any allegation of *fact* from which the court could reasonably find that the appellant had violated the terms of his probation. It does not order him to support his child or to report to the probation officer at regular intervals, or otherwise. He was simply ordered to obey all laws and lawful directives of the probation officer.

"There is nothing in the record before us from which the court could find that appellant was ever directed by the probation officer to report to him or to the Alameda County Probation Department. At most, there is a vague inference that appellant had been directed to report to the Alameda County Probation Department gleaned from the fact that he 'was no longer in contact with the Alameda County Probation Department.'

"Nor does the allegation of the special report, with reference to the failure to make child support payments, and appellant's failure to appear at a hearing in municipal court thereon, satisfy the requirements of an allegation of *fact* that he violated the terms of his probation. Appellant was not ordered to make child support payments as a term of probation." (12 Cal.App.3d 621, 627-628.)

In the present case, the order did not direct the minor to remain in the foster home or the Girls Day Care Program, nor did it instruct her to obey any rules of her placement or probation officer. In the absence of such directives in the order, it cannot be said that, as a factual matter, the minor violated a court order. Thus, the lower court improperly sustained the allegation.

This determination is supported by policy considerations as well as by analogy to *Smith*. In running away from home the minor engaged in conduct which would at most, in the absence of a court order directing her to remain there or obey the placement rules, justify a finding that she was within section 601. It would not be criminal conduct which would place her within section 602. Yet if a court order is violated by her

running away, she becomes subject under section 731 to a Youth Authority placement. Such a placement is not possible if she is merely within section 601, absent further proceedings under section 777. (See § 730.)

The People have argued that regardless of whether an order was violated or not, appellant was properly committed because the amended supplemental petition here was filed pursuant to section 777, as well as section 602.

Section 730 provides in relevant part: "When a minor is adjudged a ward of the court on the ground that he is a person described by section 601, the court . . . may commit the minor to a county juvenile home, ranch, camp, or forestry camp. . . . Such ward may be committed to the Youth Authority only upon a proceeding for the modification of an order of the court conducted pursuant to the provisions of section 777."

Section 777 provides in relevant part: "An order changing or modifying a previous order . . . by directing commitment to the Youth Authority shall be made only after noticed hearing upon a supplemental petition. (a) *The supplemental petition shall . . . contain a concise statement of facts sufficient to support the conclusion that the previous disposition has not been effective in the rehabilitation . . . of the minor.*" (Italics added.)

It is clear that sections 601, 730, and 777 afford a basis for commitment to the Youth Authority when the original rehabilitation is found to be ineffective. (See *In re Rita P.* (1970) 12 Cal.App.3d 1057, 1061 [95 Cal.Rptr. 430]; *In re William S., supra,* 10 Cal.App.3d 944, 948-951; see also *In re Donna G.* (1970) 6 Cal.App.3d 890, 892-895 [86 Cal.Rptr. 421].)

It would be improper to affirm the commitment under this theory since the transcripts make it clear that the lower court did not consider the matter of whether the placement was ineffective in the minor's rehabilitation. It merely found that she had violated the court order by running away. This latter determination is relevant to a section 602 proceeding, but does not resolve the section 777 proceeding.

Section 777 requires a determination that the previous disposition has been ineffective in rehabilitating the minor. (See *In re William S., supra,* 10 Cal.App.3d 944, 950; *In re Donna G., supra,* 6 Cal.App.3d 890, 894.) Absent such a determination, a commitment to the Youth Authority cannot be made under section 777.

The showing that must be made concerning the existence of rehabilitation was considered in *In re Donna G.* The court there said the deviation from the path of rectitude must be such as to exemplify a complete failure by the placement to achieve rehabilitation and compel the conclusion that further efforts will be unavailing. (*In re Donna G., supra,* 6 Cal.App.3d 890, 894-895; see also *In re William S., supra,* 10 Cal.App.3d 944, 950.)

Since there was no examination of the rehabilitation issue here, we do not know if the minor was or was not engaged in rehabilitative activities other than in the placement home during the period of October 5 to November 23, 1973. Thus, a reversal and remand are in order so that the lower court can determine whether or not the original placement has so completely failed in its rehabilitative efforts that a commitment to the California Youth Authority is desirable pursuant to section 777.

The order is reversed, and the cause is remanded for further proceedings in accord with this opinion.