IN THE MATTER OF: NATHAN TEAGUE, JR.

No. 8727DC1233

(Filed 6 September 1988)

**1. Infants § 10— extradition proceedings—required findings of fact**

The required findings in adult and juvenile extradition proceedings are not the same; rather, N.C.G.S. § 7A-689 requires findings of fact that the requisition from the requesting state is in order and that the name and age of the delinquent juvenile on such requisition are the same as the juvenile before the court. Further, nothing in N.C.G.S. § 7A-689 allows the court to return a juvenile to the demanding state only upon a finding that such return is in the best interest of the juvenile, since such an inquiry is reserved for the requisitioning state.

**2. Constitutional Law § 28; Infants § 10— extradition of juveniles—constitutionality of statute—equal protection and due process not denied**

Because N.C.G.S. § 7A-689 allowing for extradition of juveniles applies uniformly to all juveniles who have escaped or absconded from other state jurisdictions which are members of the Interstate Compact on Juveniles, and a juvenile appearing in a proceeding under the statute has already received a best interest determination by the demanding state, the statute does not deny respondent equal protection and due process under the N. C. and U. S. Constitutions.

Judge GREENE concurring in the result.

APPEAL by respondent from *Langson, Judge*. Order entered 24 September 1987 in District Court Juvenile Session, GASTON County. Heard in the Court of Appeals 11 May 1988.

On 28 August 1987 a fugitive warrant was issued for respondent alleging his escape from confinement in South Carolina. Respondent was subsequently taken into custody by the Gastonia

City Police. On 9 September 1987 this warrant was dismissed because respondent is a juvenile and an adult warrant is therefore invalid. Respondent was released on that date into his father's custody in Gaston County. Judge Langson further ordered that South Carolina forward the appropriate paperwork pursuant to the Interstate Compact on Juveniles, N.C.G.S. § 7A-684 *et seq.* by 24 September 1987 or the matter would be dismissed.

South Carolina forwarded a Requisition for Escape or Absconder and an Adjudication Order to Gaston County, finding respondent guilty of burglary, malicious damage to real property, and contempt of court under the laws of South Carolina. The requisition further stated that respondent was an escapee from the custody and control of the South Carolina Department of Youth Services.

At the 24 September 1987 hearing, the trial court ordered the juvenile turned over to the appropriate South Carolina authorities, stayed the order pending appeal and ordered respondent into his father's custody.

From the order that he be returned to South Carolina, respondent appeals.

*Public Defender Rowell C. Cloninger, Jr., by Assistant Public Defender Joseph F. Lyles, for respondent-appellant.*

*Attorney General Lacy H. Thornburg, by Associate Attorney General T. Lane Mallonee, for the State.*

ORR, Judge.

Respondent's brief does not refer to assignments of error and exceptions pertinent to the question nor does it contain a statement of the questions for review. These are technical violations of Rules 28(b)(2) and 28(b)(5) of the North Carolina Rules of Appellate Procedure, which subject this appeal to dismissal. *State v. Shelton*, 53 N.C. App. 632, 281 S.E. 2d 684 (1981), *appeal dismissed and disc. rev. denied*, 305 N.C. 306, 290 S.E. 2d 707 (1982). However, because this is an important case of first impression in this state and to prevent any injustice to respondent, we will consider respondent's appeal and suspend the requirements of Rule 28(b) as authorized by Appellate Rule 2.

---

---

## I.

Respondent first contends that the trial court erred in ordering his return to South Carolina without first making findings of fact and conclusions of law in its order. We agree.

N.C.G.S. § 7A-684 *et seq.* comprises the North Carolina Interstate Compact on Juveniles. The purpose of such Compact is to encourage cooperation among the states which are Compact members.

> In carrying out the provisions of this Compact the party states shall be guided by the noncriminal, reformative, and protective policies which guide their laws concerning delinquent, neglected, or dependent juveniles generally. It shall be the policy of the states party to this Compact to cooperate and observe their respective responsibilities for the prompt return and acceptance of juveniles and delinquent juveniles who become subject to the provisions of this Compact.

N.C.G.S. § 7A-685 (1986).

The Compact requirements for the return of juvenile escapees and absconders is found in N.C.G.S. § 7A-689. Subsection (a) of this statute sets forth the requirements in the case *sub judice.*

> That the appropriate person or authority from whose probation or parole supervision a delinquent juvenile has absconded or from whose institutional custody he has escaped shall present to the appropriate court or to the executive authority of the state where the delinquent juvenile is alleged to be located a written requisition for the return of such delinquent juvenile. Such requisition shall state the name and age of the delinquent juvenile, the particulars of his adjudication as a delinquent juvenile, the circumstances of the breach of the terms of his probation or parole or of his escape from an institution or agency vested with his legal custody or supervision, and the location of such delinquent juvenile, if known, at the time the requisition is made. The requisition shall be verified by affidavit, shall be executed in duplicate, and shall be accompanied by two certified copies of the judgment, formal adjudication, or order of commitment which subjects such delinquent juvenile to probation or

parole or to the legal custody of the institution or agency concerned. Such further affidavits and documents as may be deemed proper may be submitted with such requisition. . . . Upon the receipt of a requisition demanding the return of a delinquent juvenile who has absconded or escaped, the court or the executive authority to whom the requisition is addressed shall issue an order to any peace officer or other appropriate person directing him to take into custody and detain such delinquent juvenile. Such detention order must substantially recite the facts necessary to the validity of its issuance hereunder. No delinquent juvenile detained upon such order shall be delivered over to the officer whom the appropriate person or authority demanding him shall have appointed to receive him, unless he shall first be taken forthwith before a judge of an appropriate court in the state, who shall inform him of the demand made for his return and who may appoint counsel or guardian ad litem for him. If the judge of such court shall find that the requisition is in order, he shall deliver such delinquent juvenile over to the officer whom the appropriate person or authority demanding him shall have appointed to receive him. The judge, however, may fix a reasonable time to be allowed for the purpose of testing the legality of the proceeding.

Interpretation of this statute is a matter of first impression. Respondent argues that the trial court should have made the following findings of fact under this statute.

1) a finding that the respondent meets the definition of 'delinquent juvenile' contained in G.S. § 7A-687, 2) a finding that the juvenile is the juvenile sought by a state demanding his return, 3) a finding that the juvenile is alleged to have escaped or be a runaway as defined by the law of the demanding state, 4) a finding that the paperwork filed by the demanding state is in order, and 5) that the juvenile has fled the demanding state.

The State argues that the above findings are implicit in finding that "the requisition is in order" under N.C.G.S. § 7A-689.

[1]   Respondent's requested findings mirror the required findings in an adult extradition proceeding. N.C.G.S. §§ 15A-730 and 743 (1983). We disagree with respondent that the findings in adult and

juvenile proceedings should be the same and decline to enter a lengthy discussion on the policy and purpose of treating juveniles differently from adults under the law. We agree, however, that N.C.G.S. § 7A-689 requires some findings of fact to protect a juvenile in this state from being improperly returned to the demanding state.

First, N.C.G.S. § 7A-689 clearly requires a finding that "the requisition is in order." For this finding the trial court must review the requisition to ensure that it states "the name and age of the delinquent juvenile, the particulars of his adjudication . . ., the circumstances of the breach of the terms of his . . . escape from an institution or agency vested with his legal custody or supervision, and the location of such delinquent juvenile . . . ." N.C.G.S. § 7A-689(a) (1986). Implicit in reviewing the requisition for name and age is a determination that the juvenile sought by the state requesting his return is the same juvenile as the one before the court. Here, such determination was mandatory. Although this issue was not raised by respondent, his birthdate (age) on the requisition from South Carolina is different from his birthdate on all court records in this state. While this may be an obvious clerical error, in other cases it may not be so obvious.

By this requirement we do not imply that N.C.G.S. § 7A-689 mandates verification of birth. We find that the statute requires the trial court to make an inquiry establishing that the juvenile before the court is the same person sought by the requesting state. Here, the trial court's inquiry was insufficient.

THE COURT: Stayed out of trouble?

RESPONDENT: Yes, sir.

THE COURT: The records say you ran away from South Carolina equivalent of training school, huh?

RESPONDENT: Yes, sir.

By finding that the name and age of the juvenile in the requisition is correct, the trial court has implicitly found that the juvenile comes under the jurisdiction of the juvenile court. Therefore, we hold that N.C.G.S. § 7A-689 requires findings of fact that the requisition from the requesting state is in order and that the name and age of the delinquent juvenile on such requisition is the

same as the juvenile before the court. Any other findings regarding the requisition would be redundant and are not mandatory under the statute. Upon the above findings, the juvenile court may then conclude and order the juvenile returned to the demanding state.

We further hold that nothing in N.C.G.S. § 7A-689 allows the court to return a juvenile to the demanding state only upon finding that such return is in the best interest of the juvenile. We agree with the court in *In Interest of C. P.*, 533 A. 2d 1001 (Pa. 1987) that "such an inquiry [into the child's best interests] was reserved for the requisitioning state." 533 A. 2d at 1002. There, the juvenile was a runaway who was returned to her father's custody in North Carolina. The court said that under the Pennsylvania runaway statute (which is similar to N.C.G.S. § 7A-689) when the "judge . . . find[s] that the *requisition is in order, he shall deliver such juvenile* . . . ." *Id.* at 1003 (emphasis supplied). There is nothing in our statute that allows any other action by the juvenile court but to deliver the juvenile (to the appropriate authorities) upon appropriate findings.

## II.

[2] Respondent also contends that N.C.G.S. § 7A-689 denies him equal protection and due process under the United States and North Carolina Constitutions because it allows no inquiry into the juvenile's best interests. We find no merit to this argument and hold that N.C.G.S. § 7A-689 is constitutional.

It is well established that state laws which protect juveniles are justified by the state's *parens patriae* relationship to juveniles. *In re Walker*, 282 N.C. 28, 191 S.E. 2d 702 (1972). When a classification is based on differences reasonably related to the purposes of the act, then the classification does not violate the Equal Protection Clause. *Id.*

N.C.G.S. § 7A-689 is part of the Interstate Compact on Juveniles. By its definition it applies uniformly and exclusively to juveniles. Therefore, respondent cannot and should not be treated the same as an adult in an extradition proceeding. Further, the statute is applied equally to all juveniles. It does not allow a court to make a best interest determination for some juveniles but not for others. "The constitutional equal protection safeguard re-

quires that the line drawn be a rational one, and that there be nondiscriminatory application of the law within the class established." *In the Interest of Storm*, 223 N.W. 2d 170, 173 (Iowa 1974) (citation omitted).

In *Storm*, the respondent juvenile made the same constitutional arguments as the respondent in the case *sub judice*. There, the Iowa court held the Interstate Compact statute for return of escaped or runaway juveniles to be constitutionally sound on equal protection grounds.

We hold that because N.C.G.S. § 7A-689 applies uniformly to all juveniles who have escaped or absconded from other state jurisdictions which are Compact members, there has been no violation of equal protection of the law.

Further, N.C.G.S. § 7A-689 does not violate the respondent's right to due process. A juvenile has never been afforded the same spectrum of procedural rights as adults. *In Interest of C. J. W.*, 377 So. 2d 22 (Fla. 1979). The sole procedure allowed under the statute is for the court to return the child to the demanding jurisdiction upon certain findings. When the statutory criteria are met, the court "shall deliver such delinquent juvenile over to the officer . . . appointed to receive him." N.C.G.S. § 7A-689(a) (1986).

We can rightly assume that by the time a juvenile is before a court in a proceeding under N.C.G.S. § 7A-689, he has received a best interest determination by the demanding state. We find that in a proceeding of this nature that the demanding state is the one in the better position to make the best interest determination. It would be redundant as well as contrary to the statute to conduct another best interest determination.

For the reasons set forth above, we hold N.C.G.S. § 7A-689 to be constitutional. We vacate and remand, however, for findings of fact and conclusions consistent with part I of the opinion.

Vacated and remanded.

Judge ARNOLD concurs.

Judge GREENE concurs in the result.

Judge GREENE concurring in the result.

While I agree that Section 7A-689 requires findings concerning the requisition's correctness and the juvenile's identity, I otherwise concur only in the majority's result. I do note the finding that the requisition is "in order" must not be taken lightly. In order to be complete, a requisition under Section 7A-689 must include:

> . . . the name and age of the delinquent juvenile, the particulars of his adjudication as a delinquent juvenile, the circumstances of the breach of the terms of his probation or parole or of his escape from an institution or agency vested with his legal custody or supervision, and the location of such delinquent juvenile, if known, at the time the requisition is made. The requisition shall be verified by affidavit, shall be executed in duplicate, and shall be accompanied by two certified copies of the judgment, formal adjudication, or order of commitment which subjects such delinquent juvenile to probation or parole or to the legal custody of the institution or agency concerned.

The court's finding must thus be based on evidence in the record that the requisition conforms in all respects to these requirements.